**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TERRY BRYANT, JR.,

Plaintiff,

v. Case No. 6:23-cv-1548-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

Defendant.

---

# OPINION AND ORDER[2]

## I. Status

Terry Bryant, Jr. ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision finding that although he was entitled to supplemental security income ("SSI") benefits as a child, upon continuing review after attainment of his eighteenth birthday, he no longer met the definition of disabled and therefore his benefits were due to be ceased. Plaintiff's alleged inability to work is the result of attention deficit hyperactivity

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 13), filed October 6, 2023; Reference Order (Doc. No. 14), entered October 6, 2023.

disorder, autism, asthma, seizures, insomnia, and mental health issues. Transcript of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed October 5, 2023, at 167, 185. Plaintiff (through his mother) protectively filed an application for continuing SSI on September 21, 2017, alleging a disability onset date of April 14, 2011.[3] Tr. at 342-47, 361. The determination that Plaintiff was no longer entitled to SSI was made by the SSA initially, Tr. at 166-83, 184, 202-11, 212, upon reconsideration, Tr. at 185-94, 195, and upon review by a state agency disability hearing officer, Tr. at 196, 197-201, 229-33, 235-41, 243-45.

Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). Tr. at 257-60. On October 12, 2022, an ALJ held a hearing, during which Plaintiff (represented by counsel), and a vocational expert ("VE") testified.[4] Tr. at 43-68. On December 19, 2022, the ALJ issued a Decision finding Plaintiff's disability ended on April 8, 2021 and Plaintiff has not become disabled again since that date. See Tr. at 17-33.

---

[3] Although actually completed on September 27, 2017, Tr. at 342, the protective filing date is listed elsewhere in the administrative transcript as September 21, 2017, Tr. at 167.

[4] The administrative transcript also contains a transcript of a hearing held on July 16, 2019 and a decision dated September 11, 2019 favorably adjudicating Plaintiff's September 2017 claim for child SSI benefits. Tr. at 132-54 (hearing transcript), 159-65 (decision).

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted additional medical evidence. See Tr. at 2, 4-5 (Appeals Council exhibit list and order), 69-131 (medical evidence), 339-41 (request for review). On June 14, 2023, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On August 14, 2023, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues: 1) this Court should remand pursuant to sentence six of 42 U.S.C. § 405(g) for the SSA to consider new evidence in the form of a psychological evaluation by Scott Kaplan, Psy.D.; and 2) "the ALJ erred in providing inadequate rationale in determining Plaintiff's residual functional capacity [('RFC')] by failing to account for the range of fluctuation in Plaintiff's symptoms." Memorandum in Support of Plaintiff (Doc. No. 19; "Pl.'s Mem."), filed November 13, 2023, at 16, 20 (some emphasis and capitalization omitted). On December 11, 2023, Defendant responded to Plaintiff's arguments by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 21; "Def.'s Mem."). Then, on January 22, 2024, Plaintiff's Memorandum in Reply (Doc. No. 27; "Reply") was filed.

After a thorough review of the entire record and the parties' respective arguments, the undersigned finds that the matter is due to be remanded for

further proceedings pursuant to sentence six of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3). In light of this ruling, the undersigned need not determine under sentence four of 42 U.S.C. § 405(g) whether the ALJ erred in assessing Plaintiff's RFC.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). In a case involving redetermining disability at age eighteen, the first step does not apply. See 20 C.F.R. § 416.987(b). The claimant bears the burden of persuasion through step

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry, except for skipping the first step (as appropriate in these types of redetermination cases). See Tr. at 19-32. Prior to the inquiry, the ALJ determined that Plaintiff "attained age 18 on August 11, 2020, and was eligible for [SSI] benefits as a child for the month preceding the month in which he turned 18." Tr. at 19. The ALJ stated Plaintiff "was notified that he was no longer disabled as of April 8, 2021, based on a redetermination of disability under the rules for adults who file new applications." Tr. at 19.

At step two, the ALJ found that "[s]ince April 8, 2021, [Plaintiff] has had the following severe impairments: seizure disorder, depressive disorder, anxiety disorder, autism spectrum disorder, and attention deficit hyperactivity disorder." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ ascertained that "[s]ince April 8, 2021, [Plaintiff] did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 21 (emphasis and citation omitted).

The ALJ determined that Plaintiff has had the following RFC since April 8, 2021:

> [Plaintiff can] perform medium work as defined in 20 CFR [§] 416.967(c) except he can never climb ladders, ropes or scaffolds. He can never operate a motor vehicle or work around hazardous,

> moving mechanical parts or at unprotected heights. Mentally, he is limited to performing simple tasks; frequent interaction with supervisors; and occasional interaction with coworkers and the general public.

Tr. at 23 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 31 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("a younger individual age 18-49"), education ("at least a high school education"), lack of work experience, and RFC, the ALJ relied on the VE's testimony and found that "[s]ince April 8, 2021, . . . there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Hand packager," "Cleaner II," and "Day worker," Tr. at 31-32 (some emphasis and citation omitted). The ALJ concluded Plaintiff's "disability ended on April 8, 2021, and [he] has not become disabled again since that date." Tr. at 32 (emphasis and citation omitted).

## III. Standard of Review

This Court typically reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less

than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

When a claimant seeks remand pursuant to sentence six of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), different standards apply. They are discussed in detail below.

## IV. Discussion

Plaintiff argues the matter should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) and § 1383(c)(3) for consideration of new evidence: a report

authored by Dr. Kaplan following an August 7, 2023 evaluation and testing. Pl.'s Mem. at 16-20; see id. at Ex. A (Dr. Kaplan's report).

Under sentence six of 42 U.S.C. § 405(g) and § 1383(c)(3), "[t]he court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." "[A] sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1267 (11th Cir. 2007). If a claimant makes "a sufficient showing" to remand a case under sentence six of 42 U.S.C. § 405(g), additional medical evidence can be considered on remand. Id. at 1268 (quotation and citation omitted). To meet the showing required to obtain a sentence six remand, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result[;] and (3) there is good cause for the failure to submit the evidence at the administrative level." Caulder, 791 F.2d at 877 (quotation and citation omitted); see also, e.g., Ingram, 496 F.3d at 1269; Cherry v. Heckler, 760 F.2d 1186, 1192 (11th Cir. 1985).

Here, Defendant contests only whether the report from Dr. Kaplan is material and whether Plaintiff has shown good cause for the failure to submit

it at the administrative level. Def.'s Mem. at 6-9. As to materiality, Defendant argues Dr. Kaplan's report does not carry a reasonable possibility of changing the administrative result because it does not relate back to the time period under consideration by the ALJ. Id. at 8-9. Although Defendant is correct that Dr. Kaplan's evaluation was performed after the ALJ's Decision (and after the Appeals Council denied review), it still makes various findings that relate back to the relevant time frame that the ALJ considered. See Pl.'s Mem. at Ex. A. Moreover, Dr. Kaplan's report does not reflect a worsening of Plaintiff's conditions; rather, it reflects more information and an opinion about the same conditions, including an opinion that Plaintiff meets several Listings as a result of marked limitations in various mental functioning areas. See id. Because the ALJ found Plaintiff had only mild to moderate limitations in these areas, Tr. at 21-23, Dr. Kaplan's report carries a reasonable possibility of changing the administrative result both on the listing issue and on the overall severity of Plaintiff's mental limitations.

Moreover, the undersigned notes that the ALJ found unpersuasive an October 2022 opinion from Plaintiff's licensed mental health counselor, Bethany Livingston, in part because it was not authored or cosigned by "a licensed psychologist or psychiatrist." Tr. at 30. Ms. Livingston opined that Plaintiff had significantly more severe limitations than the ALJ ultimately accepted in the RFC. Compare Tr. at 1346-48 (Ms. Livingston's opinion), with Tr. at 23 (RFC).

When Ms. Livingston's opinion is considered in conjunction with Dr. Kaplan's report and the ALJ's comments, the importance of the report is heightened. Dr. Kaplan's report is material.

Defendant argues Plaintiff has not established good cause for failing to submit Dr. Kaplan's report at the administrative level. Def.'s Mem. at 6-8. According to Defendant, Plaintiff cannot procrastinate in obtaining evidence and "cannot use after-acquired opinions as an unsanctioned backdoor means of appeal." Id. at 7 (citations omitted). Responding, Plaintiff contends he did not procrastinate and details the efforts that were made—post ALJ Decision—to obtain the report at issue. Reply at 2-3.

"[T]he good cause requirement reflects a congressional determination to prevent the bad faith manipulation of the administrative process." Milano v. Bowen, 809 F.2d 763, 767 (11th Cir. 1987). "The . . . requirement was designed to avoid the danger of encouraging claimants to seek after-acquired evidence, and then use such evidence as an unsanctioned 'backdoor' means of appeal." Id. (quotation and citation omitted). "Good cause for failing to present evidence earlier may exist where . . . the evidence did not exist at the time of the administrative proceeding," Cherry, 760 F.2d at 1192, and nothing before the Court "reflects any bad faith attempt by [the claimant] to manipulate the administrative process." Lipscomb v. Comm'r, 199 F. App'x 903, 907 (11th Cir. 2006) (citing Milano, 809 F.2d at 767).

Here, Plaintiff's Reply makes clear that he did not start the process of attempting to obtain the new evidence until after the ALJ's Decision was rendered. This Court's consideration, however, is whether good cause exists for failure to submit the evidence at the administrative level, not before the ALJ. See, e.g., White v. Barnhart, 373 F. Supp. 2d 1258, 1265 (N.D. Ala. 2005) ("[T]he question [under the sixth sentence] is not whether there is good cause for failure to present the evidence at the ALJ level, but rather for failure to present it at the administrative level, which includes the Appeals Council stage."); Ingram, 496 F.3d at 1269 (citing White with approval).

Obviously, Dr. Kaplan's report did not exist when the administrative proceedings were pending (it was authored almost two months after the Appeals Council denied review). See Cherry, 760 F.2d at 1192. Plaintiff represents that due to financial issues, he cannot afford regular treatment by a psychologist or psychiatrist, and he instead attempted to obtain an opinion by a treating nurse practitioner. Reply at 2. Unfortunately, after multiple attempts, Plaintiff's counsel was informed in April 2023 that the treating nurse practitioner was unwilling to provide an opinion. Id. Counsel then worked with Plaintiff's mother to obtain an examining psychologist, which was difficult from a logistical perspective because of months-long appointment backlogs in most offices that were contacted. Id. Ultimately, counsel recommended Dr. Kaplan, who was able to quickly evaluate Plaintiff and author the report. Id. at 2-3. Given the

representations before the Court about the attempts that were made to obtain this evidence prior to the Appeals Council denying review, the undersigned is unwilling to find that Plaintiff engaged in bad faith or manipulated the administrative process. See Lipscomb, 199 F. App'x at 907 (citing Milano, 809 F.2d at 767). In light of the foregoing, Plaintiff has met the good cause prong.

## V. Conclusion

Dr. Kaplan's report is new and material, and Plaintiff has demonstrated good cause for failing to submit it during the administrative proceedings. Based on the foregoing, it is

**ORDERED**:

1. This matter is **REMANDED** to the Commissioner for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3).

2. The Clerk is directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 27, 2024.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record